JOHN T. GORMAN
Federal Public Defender
First Hawaiian Bank Building
400 Route 8, Suite 501
Mongmong, Guam 96910
Telephone: (671) 472-7111
Facsimile: (671) 472-7120

Attorney for Defendant
FREDA ESEUN

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 08-00008 |
| | ) | |
| Plaintiff, | ) | MOTION TO SUPPRESS STATEMENTS |
| | ) | |
| vs. | ) | |
| | ) | |
| FREDA ESEUN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

    COMES NOW the defendant, FREDA ESEUN, through counsel, John T. Gorman, Federal Public Defender, and moves the Honorable Court to suppress any written or oral statements made by Ms. Eseun to law enforcement personnel as the statements were taken in violation of her Miranda rights as were involuntarily obtained.

    This motion is based on the Fourth, Fifth and Sixth Amendments of the U.S. Constitution, Miranda v. Arizona, 384 U.S. 436, 18 U.S.C.A. Section 3501(c), the attached memorandum of law and upon further evidence which may be produced at an evidentiary hearing.

**MEMORANDUM OF LAW**

I.  **FACTUAL BACKGROUND**

According to discovery provided by the government, on January 14, 2008, at approximately 12:15 a.m., a number of Guam Police Department (GPD) personnel went to the Blue House Lounge to investigate a complaint of a female employee who claimed her passport had been taken from her by the owners of the establishment. The GPD officers secured the establishment and began interviewing the employees, patrons and owners of the Blue House Lounge. Their investigation indicated that the Blue House Lounge may be offering illegal sex for sale in addition to karaoke and alcoholic beverages. At approximately 5:45 a.m., GPD officer Norbert Tan interrogated Ms. Eseun. She signed the name "FREDA" in block capital letters on the signature line of the waiver of <u>Miranda</u> rights form. (See Exhibit A). There is no record that she provided a written statement. A summary of her alleged statements to Officer Tan is contained in his police report. (See Exhibit B). Officer Tan's report states that "Due to language barrier and the request of Eseun, Special Agent B.A. Nanato played a translator during interview". (See Exhibit B).

However, at a hearing on this matter, it is anticipated that the following facts will be presented by the defense. Ms. Eseun was born and raised on the island of Chuuk, Federated States of Micronesia. She finished approximately 8 years of formal schooling on Chuuk. She speaks and understands some English, but is not fluent in English. On January 13, 2008, Ms. Eseun was employed at the Blue House Lounge in Tamuning, Guam. She began her shift that day at approximately 5:00 p.m.

Between approximately 12:15 and 8:00 a.m., on January 14, 2008, Ms. Eseun was detained and interrogated by a number of GPD officers at both the Blue House Lounge and later at

2

the GPD Tumon precinct. She was never provided access to legal counsel. Ms. Eseun had not slept and was hungry, thirsty, scared and nervous during her multiple custodial interrogations by GPD officers. At approximately 3:00 p.m., on January 14, 2008, Ms. Eseun was transported to the Hagatna precinct. The hearing on this matter will show that Ms. Eseun did not comprehend or understand the <u>Miranda</u> rights waiver form and the rights she relinquished.

II. **THE DEFENDANT'S STATEMENTS MUST BE SUPPRESSED AS THEY WERE TAKEN IN VIOLATION OF HER MIRANDA RIGHTS AND WERE INVOLUNTARILY OBTAINED.**

Before statements made to law enforcement officers by an accused may be admitted at trial, the burden rests upon the government to demonstrate not only that the accused was properly advised of her <u>Miranda</u> rights, but also that the accused "knowingly, voluntarily and intentionally" waived these rights. <u>Teague v. Louisiana</u>, 444 U.S. 469 (1980); <u>United States v. Heldt</u>, 745 F.2d 1275 (9th Cir. 1984). If the interrogation continues without the presence of an attorney and a statement is taken, a "heavy burden" rests on the government to demonstrate that the defendant knowingly and intelligently waived her privilege against self-incrimination and her right to counsel. <u>Miranda</u>, 384 U.S. at 475.

In <u>Moran v. Burbine</u>, 475 U.S. 412 (1986), the Supreme Court reaffirmed the high level of proof required to find a waiver of <u>Miranda</u> rights. The Court required the following:

> First, the relinquishment of the right must have been <u>voluntary</u> in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion or deception. Second, the waiver must have been made with a <u>full awareness</u>, both of the nature of the right to be abandoned and the consequences of the decision to abandon it. <u>Id.</u> at 421. [Emphasis added.]

A waiver of <u>Miranda</u> rights must be determined by the particularities of each case. <u>Edwards v. Arizona</u>, 451 U.S. 477, 482 (1981). Moreover, the Court must "indulge in every reasonable

3

presumption against waiver." Heldt, 745 F.2d at 1277.

Courts look at many factors to determine whether a Miranda waiver was knowing and intelligent. The situation and experience of the accused may be relevant to show whether the waiver was knowing and intelligently made. See Arizona v. Fulminante, 499 U.S. 279 (1991) (consideration of intelligence and IQ of defendant is relevant to determining that statements were involuntary); United States v. Fouche, 776 F.2d 1398, 1404 (9th Cir. 1985) (voluntariness determination is a "state of mind" inquiry), appeal after remand, 833 F.2d 1284 (1987), cert. denied, 486 U.S. 1017 (1988). An otherwise voluntary confession may be inadmissible if the accused lacks the mental capacity to make a knowing and intelligent waiver. United States v. Frank, 956 F.2d 872, 875 (9th Cir. 1992)(citing Moran, 475 U.S. at 421).

Even if this Court finds Ms. Eseun waived her rights under the Fifth and Sixth Amendments, her statements do not pass the voluntariness test and must be suppressed on these grounds as well. To determine voluntariness of a confession, the Court must determine "whether, under the totality of the circumstances, the challenged confession was obtained in a manner compatible with the requirements of the Constitution." Collazo v. Estelle, 940 F.2d 411, 415 (9th Cir. 1991)(en banc), cert. denied, 112 S. Ct. 870 (1992). "A statement is involuntary if it is extracted by any sort of threats or violence [or] obtained by any direct or implied promises, however slight, [or] by the exertion of any improper influence." United States v. Bautista-Avila, 6 F.3d 1360, 1364 (9th Cir. 1993). The test is whether, considering the totality of the circumstances, the government obtained the statement by physical or psychological coercion or by improper inducement so that the suspect's will was overborne. Derrick v. Peterson, 924 F.2d 813, 817 (9th Cir. 1990). "Circumstances" include past history, education, and physical condition, in addition to the

4

circumstances surrounding the actual statement.  Crane v. Kentucky, 476 U.S. 683 (1986). Psychological pressures have been recognized as creating impermissible coercion.  United States v. Moreno, 891 F.2d 247 (9th Cir. 1989).  To be voluntary, a statement must be the product of a rational intellect and a free will.  Blackburn v. Alabama, 361 U.S. 199 (1960); United States v. Miller, 984 F.2d 1028, 1032 (9th Cir. 1993) (confession not coerced where "nothing in the record indicate[d] [defendant's] decision to confess was anything other than 'the product of a rational intellect and a free will.'")

Finally, the Ninth Circuit has recognized that a criminal defendant's poor English competency may serve to undermine the validity of any waiver obtained when English was the primary language used in order to obtain the relinquishment of the Constitutional right.  United States v. Garibay, Jr., 143 F.3d 534 (9th Cir. 1998).

Title 18 U.S.C. § 3501(b) lists five factors which must be considered in determining voluntariness:

> (1) time elapse between arrest and arraignment if the statement was made in that period (not applicable in the instant matter); (2) awareness by the defendant of the charges he was facing; (3) advisement of the right to silence; (4) advisement of the right to counsel; and (5) the presence or absence of counsel.

The presence or absence of any particular factor is not necessarily dispositive of the voluntariness issue.

In the instant matter, it is clear that Ms. Eseun did not understand she was facing federal Sex Trafficking charges.  In addition, it is not clear from the record whether Ms. Eseun was advised of and understood her rights to silence and to counsel before or after she made her written statement.  It is clear, however, that counsel was never present during her interrogation.  At issue

5

as well is whether, even if timely and properly given her <u>Miranda</u> warning, Ms. Eseun understood it.

There is no single test for the voluntariness of a confession. The determination as to whether a confession meets the constitutional standard is not whether the accused actually committed the crime. Rather, the Court, on a case-by-case basis makes a decision based upon the unique facts particular to the case before it. In the instant matter, the combination of factors before the Court, to wit; Ms. Eseun's lack of understanding of English, her limited formal schooling, her illiteracy in English used in the Miranda waiver form, her lack of sleep, her hunger and thirst, her fear and nervousness, her repeated interrogations over an extended period of time, her complete unfamiliarity with the American criminal justice system combined with her lack of understanding of what a lawyer even does or why he would need an attorney, and her lack of knowledge that she was faced with a federal sex trafficking charge, added to her lack of counsel, all militate in favor of suppressing her confession.

For all of the above reasons, Ms. Eseun moves this Court to enter an order suppressing any written or oral statements made by Ms. Eseun.

DATED: Mongmong, Guam, March 28, 2008.

/s/ JOHN T. GORMAN



*John T. Gorman*
Federal Public Defender
District of Guam
Phone: (671) 472-7111
Facsimile: (671) 472-7120
GMT + 10:00 Hours

Attorney for Defendant
FREDA ESEUN

## CERTIFICATE OF SERVICE

I, JOHN T. GORMAN, hereby certify that a true and exact copy of the foregoing document was filed with U.S. District Court and electronically served by the U.S. District Court Clerk's Office to the following on March 28, 2008:

ROSETTA SAN NICOLAS
Assistant United States Attorney
Sirena Plaza
108 Hernan Cortez, Ste. 500
Hagatna, Guam 96910

Attorney for Plaintiff
UNITED STATES OF AMERICA

HOWARD TRAPP
Howard Trapp Incorprated
200 Saylor Building
139 Chalan Santo Papa
Hagatna, Guam 96910

Attorney for Defendant
SONG JA CHA

JOAQUIN C. ARRIOLA, JR.
Arriola, Cowan and Arriola
Suite 201, C & A Professional Building
259 Martyr Street
Hagatna, GU 96910
Attorney for Defendant
SAKNIN A. WERIA

G. Patrick Civille
Civille and Tang, PLLC
330 Hernan Cortez Avenue
Suite 200
Hagatna, Guam 96910
Attorney for Defendant
IN HAN CHA

DATED: Mongmong, Guam, March 28, 2008.

/s/ JOHN T. GORMAN



John T. Gorman
Federal Public Defender
District of Guam
Phone: (671) 472-7111
Facsimile: (671) 472-7120
GMT + 10:00 Hours

Attorney for Defendant
FREDA ESUEN

7

Case 1:08-cr-00008    Document 54    Filed 03/28/2008    Page 7 of 7